Rachel S. Blumenfeld
Law Office of Rachel S. Blumenfeld PLLC
Attorney for Levi Balkany, Debtor
26 Court Street, Suite 814
Brooklyn, New York 11242
Tel.No. (718) 858-9600

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

**------------------------------------------------------------X**

**In re**

**Levi Balkany,** **Chapter 7**

**Debtor.** **Case No. 22−41041−nhl**

**------------------------------------------------------------X**

**In re**

**HARLEM 133 OWNER, LLC,**

**Plaintiff,**

**v.**

**LEVI BALKANY; RACHEL MEDALIE; REUVEN MEDALIE; PEREL BALKANY; MARANS, NEWMAN, TSOLIS & NAZINITSKY LLC; BESPOKE HARLEM WEST LLC; BHW MEZZ LLC; BHW RWN MEZZ LLC; BHW BF MEZZ LLC; BESPOKE MEMBERS LLC; BHW BROWNFIELD LLC; HLD 122 LLC; LB 122 LLC; PEI 122 LLC; WEST 37TH ST LLC; 805 WASHINGTON AVE LLC; 9TH STREET DEV LLC; HAPPY LIVING DEVELOPMENT, LLC; HL INTERIORS LLC; HL CLEANING SERVICES LLC; 293 ADELPHI MZL LLC; 300 WEST 122ND STREET; 411 W 37 CAPITAL LLC; WEST 37TH ST., LLC; 450 GRAND AVENUE OWNER, LLC; 488 4TH AVENUE; 525 SAINT MARKS AVENUE; 805 WASHINGTON AVE LLC; 834 PACIFIC HOLDINGS; 9TH STREET DEV, LLC AND JOHN AND JANE DOES 1-100,**

**Defendants.**

**Adv. Pro. No. 23-0105-**

-----------------------------------------------------------X

**JOINDER TO OBJECTION OF PROPOSED DEFENDANTS'1 OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND ADD TWENTY-NINE PARTIES AS DEFENDANTS**

Levi Balkany, the above captioned Debtor and Defendant objects to Plaintiff's motion which seeks leave to file a First Amended Complaint adding 28 Proposed Defendants (and others) as parties to the within adversary proceeding, and six claims against the proposed additional defendants for fraudulent conveyance, aiding and abetting fraudulent conveyance, conversion and fraud (the "**Opposition**").

As the Court may recall the Plaintiff and its law firm had violated the automatic stay where the Plaintiff continued its judgment enforcement efforts in state court against the Debtor. In 2024 the Plaintiff filed a motion for contempt sanctions, including for the arrest of the Debtor, *id.*, NYSCEF Doc. No. 226, 227, 228, and 245, during the pendency of this bankruptcy more than two years after a notice of this Chapter 7 bankruptcy was filed in the state court proceeding by Plaintiff against Debtor Levi Balkany. *Id.* at NYSCEF Doc. No. 223. The contempt motion was withdrawn following this Court's directive.

This demonstrates the extent the Plaintiff was willing to go in pursuing its litigation tactics. The Plaintiff attempted to extract money from the Debtor by seeking contempt in the State Court. The instant Motion is consistent with its contempt motion – there is no legal basis

---

**1** Proposed Defendants Rachel Medalie ("Rachel"), Reuven Medalie ("Reuven") and Perel Balkany ("Perel," and together with Rachel and Reuven, collectively "Proposed Individual Defendants), Bespoke Harlem West LLC ("Bespoke"), BHW Mezz LLC, BHW RWN Mezz LLC, BHW BF Mezz LLC, Bespoke Members LLC, BHW Brownfield LLC, HLD 122 LLC, LB 122 LLC, PEI 122 LLC, West 37th St LLC, 805 Washington Ave LLC, 9th Street Dev LLC, Happy Living Development LLC, HL Interiors LLC, HL Cleaning Services LLC, 293 Adelphi MZL LLC, 411 W 37 Capital LLC, West 37th St., LLC, 450 Grand Avenue Owner, LLC, 80 5Washington Ave LLC, 834 Pacific Holdings, and 9 th Street Dev, LLC (collectively, the "Proposed Entity Defendants" and along with the Proposed Individual Defendants, the "Proposed Defendants")

to amend the Complaint- certainly not at this late date. It seems that the Plaintiff believes that amending the Complaint can bestow a litigation advantage.

The Debtor objects to the Amendment. First, as stated in the Proposed Defendants' Objection – the Amended Complaint is futile. Moreover, the Debtor believes he would be significantly prejudiced in having to answer another time after having answered the Complaint over two years ago. Additionally, the Debtor has already been deposed twice over a 3 year period and believes they are just trying to extend discovery.

Importantly, "[M]otions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party."*Burch v. Pioneer Credit Recovery, Inc.*,551 F.3d 122, 126 (2d Cir. 2008) (citation omitted); *see also Chiaro v. Cnty. of Nassau*, 488 F.App'x 518, 519 (2d Cir. 2012) ("Leave to amend is routinely denied where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice other parties, or where the belated motion would unduly delay the course of proceedings by, for example, introducing new issues for discovery.") (citation and quotation marks omitted). "Where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend." *Lucente v. IBM*, 310 F.3d 243, 258 (2d Cir. 2002) (citation and quotation marks omitted).

**Prejudice**

The Debtor believes that the Amended Complaint would extensively prejudice him. Twenty-seven months later, well after the end date of discovery, the Plaintiff is now seeking to amend the Complaint. The Amended Complain adds an additional 12 pages and numerous

counts. The Plaintiff has taken extensive discovery from the Debtor in the State Court Case, and had the opportunity to do so in the present case. The Amendment is the Plaintiff's attempt to get a second bite of the apple.

Prejudice is one of "the most important reasons for denying a motion to amend." *Berman v. Parco*, 986 F. Supp. 195,217 (S.D.N.Y. Feb. 6, 1997) (report and recommendation), *adopted by* 986 F. Supp. 195 (S.D.N.Y.Nov. 19, 1991). Where, as here, "a considerable period of time has passed between the filing of complaint and the motion to amend, the burden is upon the movant to show some valid reason the movant's neglect and delay."5 *Bymoen v. Herzog, Heine, Geduld, Inc.*, No. 88 CIV. 1796 (KMW), 1991 U.S. Dist. LEXIS 7169, at *2–3 (S.D.N.Y. May 24, 1991) (citing *Cresswell v. & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990); *Sanders v. Thrall Car Mfg. Co.*, 582 F. Supp. 945 (S.D.N.Y. 1983), *aff'd*, 730 F.2d 910 (2d Cir. 1984)); *see also Beare v. Millington*, No. 07-CV-3391 (TLM), 2014 WL 12833989, at *2 (E.D.N.Y. Feb. 24, 2014) ("When a delay in bringing the motion to amend poses a risk of prejudice, the burden is on the party who wishes to amend to provide a satisfactory explanation for the delay.") (citations and quotation marks omitted).

**Amendment is Futile**

Plaintiff's proposed amended claims are futile and the Motion to Amend should be denied on that basis. *See Health-Chem Corp. v. Baker*, 915 F.2d 805, (2d Cir. 1990) ("[W]here, as here, there is no merit in the proposed amendments, leave to amend should be denied.") (citations omitted).

As demonstrated in the Opposition, Units 6K and 14J that Units 6K and 14J were deeded back to Bespoke renders moot Plaintiff's proposed fraudulent conveyance claims for the initial

transfers of these Units. Both reconveyances, which were filed and thus publicly available to Plaintiff and its counsel, occurred months prior to Plaintiff's motion to add claims concerning the alleged Two Unit Conveyances, but Plaintiff's counsel nevertheless persisted in advancing such claims despite the prior reconveyance of such condominium units back to Bespoke by publicly recorded Deeds. Furthermore, Plaintiff's inability to provide specifics despite the fact that it has obtained in state court a deposition of one of the Proposed Individual Defendants and documents from a number of parties and their attorneys (proposed defendant Marans, Newman, Tsolis & Nazinitsky LLC) is testament to the lack of any basis for its proposed pleading despite Bankruptcy Rule 9011.

**No Meaningful Justification for its Delay**

Plaintiff provides no meaningful justification for its delay in seeking to amend its Complaint.

As best expressed by the Second Circuit:

> [T]he liberality with which a court grants leave to amend does not impart to litigants the privilege of re-shaping their legal theories endlessly, even where there is no evidence of improper motive or dilatory objectives. While we must give a party a fair chance to present claims and defenses, we also must protect a busy district court from being imposed upon by the presentation of theories seriatim."

*Sanders v. Thrall*, 582 F. Supp. 945, 953 (2d Cir. 1983).

The Plaintiff had extensive information about all the Transfers that are alleged in the Complaint. The Plaintiff had extensive information regarding all of my transactions and that of the Proposed Defendants as detailed in the Objection. Plaintiff failed to satisfy its burden of establishing a valid reason for its twenty-seven months' delay in seeking to amend its Complaint.

Where, as here, "a considerable period of time has passed between the filing of the complaint and the motion to amend, the burden is upon the movant to show some valid reason for the movant's neglect and delay." *Bymoen v. Herzog, Heine, Geduld, Inc.*, No. 88 CIV. 1796 (KMW), 1991 U.S. Dist. LEXIS 7169, at *2–3 (S.D.N.Y. May 24, 1991) (citing *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990). As demonstrated, there is no valid reason nor can there be because the sole purpose of the Amendments is a litigation technique to force a settlement from the Defendants that the Plaintiff is not entitled.

DATED: BROOKLYN, NEW YORK
OCTOBER 27, 2025

RESPECTFULLY SUBMITTED,
/S/ RACHEL S. BLUMENFELD
LAW OFFICE OF RACHEL S. BLUMENFELD PLLC
COUNSEL FOR DEBTOR
BY: /S/ RACHEL S. BLUMENFELD
RACHEL S. BLUMENFELD
26 COURT STREET, SUITE 814
BROOKLYN, NEW YORK 11242
TEL: (718) 858-9600